IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

2001 OCT 23  P 3: 13

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| ROGER HUTCHISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:07-cv-956-MEF |
| | ) |
| STATE FARM FIRE AND | ) |
| CASUALTY COMPANY, | ) |
| DONNY HOLLEY, et al., | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

COME NOW Defendants, State Farm Fire and Casualty Company (hereinafter "State Farm Fire") and Donny Holley (hereinafter "Holley") and give notice of removal of the above-styled action from the Circuit Court of Chambers County, Alabama, to the United States District Court for the Middle District of Alabama, Eastern Division. As grounds for the removal of this action, Defendants aver the following:

1. Upon information and belief Plaintiff, Roger Hutchison, was and is a citizen of the State of Alabama residing in Chambers County, Alabama.

2. Defendant State Farm Fire and Casualty Company is a corporation organized and existing under the laws of the State of Illinois, with its principal place

of business in the State of Illinois. Defendant State Farm Fire is a citizen of the State of Illinois.

3.     Defendant Donny Holley is a citizen of the State of Alabama residing in Chambers County, Alabama. Defendants, however, contend that Holley was fraudulently joined to this action. The Complaint filed by Plaintiff alleges claims for breach of contract and bad faith against State Farm and negligent and wanton failure to procure insurance against Holley. Plaintiff has demanded compensatory and punitive damages. Defendants have filed contemporaneously with this Notice of Removal, a motion to dismiss filed by Defendant Donny Holley for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6). A copy of said motion is incorporated herein by reference as Exhibit "A." Defendant Holley should be dismissed as a matter of law, therefore maintaining the requirement of diversity of citizenship pursuant to 28 U.S.C. § 1441. The Eleventh Circuit has recognized that a defendant has been fraudulently joined if there is no possibility the plaintiff can prove any cause of action against the resident under prevailing law. *Cabalceta v. Standard Fruit Co.*, 883 F. 2d 1553, 1556 (11th Cir. 1989); *Insigna v. LaBella*, 845 F. 2d 249, 254 (11th Cir. 1989). The determination of whether the resident defendant has been fraudulently joined is made based upon the plaintiff's pleadings at the time of removal. *Id.*; see also *Pullman Co. v. Jenkins*, 305 U.S. 534 537; 59 S.Ct. 347, 359;

-2-

83 L.Ed. 334 (1939). The District Court can consider submitted affidavits, deposition transcripts and other evidence to determine whether fraudulent joinder has occurred. *Coker v. Amoco Oil. Co.*, 709 F. 2d 1433, 1440 (11th Cir. 1983).

4.    Defendant Holley was served on September 24, 2007, and State Farm Fire was served on September 24, 2007.  Plaintiff's Complaint alleges claims for breach of contract and bad faith against State Farm and negligent and wanton failure to  procure insurance against Donny Holley. A copy of the Complaint is attached hereto as Exhibit "B."

5.    Other than the filing of the Complaint identified as Exhibit "B," and the discovery that was served with the Complaint, a copy of which forms composite Exhibit "C,"  no other proceedings have taken place in state court as to the subject matter of Exhibit "B."

6.    This action is subject to removal on the basis of diversity of citizenship in that Plaintiff was and is a resident and citizen of the State of Alabama and Defendant State Farm Fire and Casualty Company is a corporation with its principal place of business in the State of Illinois.

7.    Defendants maintain that removal of the action initiated by Plaintiff is justified. This is a separate and independent claim which would be removable on its own right. See *Motor Vehicle Cas. Co. v. Russian River County Sanitation Dist.*, 538

-3-

F. Supp. 488 (D.C. Cal. 1981). The action being removed is removable due to diversity based on 28 U.S.C. § 1441 (a).

8.    In addition to diversity of citizenship among the real and proper parties to this cause, this Court has jurisdiction under 28 U.S.C. § 1332, and removal is proper pursuant to 28 U.S.C. § 1441, in that there is a sufficient basis that the jurisdictional amount in controversy could possibly be met. In his Complaint, Plaintiff seeks an undetermined amount in damages, however, Plaintiff alleges State Farm has failed and/or refused to pay for the damage that was incurred by wind and hail at paragraph 7 of the Complaint. Though not specifically addressing a specified amount in the Complaint, it is clear that Plaintiff is seeking benefits under his policy of insurance, mental anguish and punitive damages.

9.    In *De Aguilar v. Boeing Co.,* 11 F. 3d 55 (5th Cir. 1993), the court held that "[w]hen the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $50,000 [$75,000]. *Id.* at 58. (emphasis added) (citations omitted). In determining whether the requisite amount in controversy exists to support federal jurisdiction, it is well settled that "the defendant bears the burden, albeit the light burden, of showing that the required amount is in controversy. To do so, defendants must show only that it does not appear to a legal certainty that the

claim is for less than the jurisdictional amount." *Locklear v. State Farm Mut. Automobile Ins. Co.,* 742 F. Supp. 679, 680 (S.D. Ga. 1989 (citing *St. Paul mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283 (1938)). (emphasis added). , 5 F. 3d 81, 84 (5th Cir. 1993). This analysis comports with the preponderance of evidence standard put forth in *De Agilar, supra.*

10.    Plaintiff's Complaint is "indeterminate" because Plaintiff does not set forth the amount of a compensatory damage claim and the issue of removal is determined on the basis of the Complaint before the court at the time of the removal. *Cabalceta v. Standard Fruit Co.,* 883 F. 2d 1553, 1561 (11th Cir. 1989). "'An indeterminate complaint does not show that the case is not removable. It simply does not comment on federal jurisdiction.' *Robinson v. Quality Ins. Co.,* 633 F. Supp. 572, 574 (S.D. Ala. 1986). In such cases, the Court has the 'duty to independently determine the propriety of jurisdiction.' *Id.* at 575."

11.    Further, when the Court must determine whether the amount in controversy has been met for jurisdictional purposes, "the court must consider a claim for punitive damages "unless it is apparent to a legal certainty that such cannot be recovered."" *Lowe's OK'd Used Cars, Inc. v. Acceptance, Ins. Co.,* 995 F.Supp. 1388, 1389 (M.D. Ala. 1998)(citing *Holley Equipment Co. v. Credit Alliance Corp.,* 821 F.2d 1531 (11th Cir. 1987). Again, State Farm in no way concedes the fact that

-5-

any wrong was committed, or that punitive damages are even appropriate in this case, (and, in fact, State Farm denies same.) However, it is plausible that a punitive damage award combined with the compensatory damage relief sought by Plaintiff could indeed exceed the jurisdictional amount. A copy of a recent judgment from the same county with the same attorney for the plaintiff, the same defense attorney and State Farm Life Insurance Company is attached as Exhibit "D." This judgment clearly shows a compensatory award well under the jurisdictional amount, when combined with punitive damages in Chambers County, Alabama, can and most likely will result in an amount which far exceeds $75,000.

12.    If the above is reviewed *in toto*, Defendants avers that they have met the evidentiary burden set forth in *Lowe's* requiring that a "defendant may only establish removal jurisdiction by showing to a 'legal certainty that the plaintiff would not recover less than the federal jurisdictional amount if the plaintiff prevailed.'" *Id.* at 1389.

13.    This petition is filed with this Court within 30 days of service of process on these Defendants.

14.    This Court has original jurisdiction of the above-entitled action pursuant to 28 U.S.C. §1332, and since Defendant State Farm Fire is not a resident citizen of the State of Alabama, wherein the above-entitled action is pending, removal of this

action to this Court is proper pursuant to 28 U.S.C. § 1441.

15.    Notice of the Defendants' removal of the above-styled action has been

given to the Clerk of the Circuit Court of Chambers County, Alabama, and to the

Plaintiff, as required by 28 U.S.C. § 1446(d).  See Exhibit "E" attached hereto.

WHEREFORE, Defendants have removed this action from the Circuit Court

of Chambers County, Alabama, to the United States District Court for the Middle

District of Alabama, Eastern Division.

JAMES H. ANDERSON [AND021]
MICHEAL S. JACKSON [JAC015]
CONSTANCE T. BUCKALEW [BUC015]
ANGELA TAYLOR BAKER [TAY062]
Counsel for Defendant State Farm Fire and
Casualty Company

**Of Counsel:**

**BEERS, ANDERSON, JACKSON,**
  **PATTY, & FAWAL, P.C.**
P. O. Box 1988
Montgomery, Alabama 36102-1988
Tel:  (334) 834-5311 / Fax:  (334) 834-5362

-7-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon all parties to this action by depositing a copy of same in the U.S. Mail, postage prepaid, addressed as follows:

Nick Wooten, Esq.
**WOOTEN LAW FIRM, P.C.**
P. O. Drawer 290
Lafayette, AL 35862

David Hodge , Esq.
**PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.**
1100 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203

on this the 23rd day of October, 2007.

Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

ROGER HUTCHISON, )
)
    Plaintiff, )
)
vs. )   Case No. 3.07-CV-956-MEF
)
STATE FARM FIRE AND )
CASUALTY COMPANY, DONNY )
HOLLEY, et al., )
)
    Defendants. )

## DEFENDANT HOLLEY'S MOTION TO DISMISS

    COMES NOW Defendant (Donny Holley) and moves this Court to dismiss

Count Three of Plaintiff's Complaint pursuant to Rule 12(b)(6), *Federal Rules of*

*Civil Procedure.* Count Three of Plaintiff's Complaint fails to state a claim against

Holley upon which relief can be granted. Plaintiff can prove no set of facts in support

of any allegation set forth in Count Three of the Complaint that would entitle him to

relief against Holley. In support thereof, Defendant Holley states as follows:

## INTRODUCTION

    Based on the facts alleged in the Complaint, this lawsuit arises from Plaintiff's

submission of a claim to State Farm Fire and Casualty Company regarding storm



EXHIBIT
A
PENGAD 800-631-6989

damage to his home.[1] Plaintiff's Complaint alleges Defendant Holley negligently or wantonly procured the policy of insurance on Plaintiff's home. Plaintiff's Complaint also alleges breach of contract and bad faith against Defendant State Farm. As will be demonstrated below, even when this allegation is viewed most strongly in Plaintiff's favor, Defendant Holley contends that there is no circumstance which would entitle Plaintiff to relief.

## II. ARGUMENT

### A. MOTION TO DISMISS STANDARD

On May 21, 2007, the United States Supreme Court issued *Bell Atlantic v. Twombly*, 550 U.S. _____(2007), 127 S.Ct. 1955, 2007 WL 1461066 (U.S.), effectively redefining the standard for a Rule 12(b)(6) Motion to Dismiss. Prior to *Twombly*, the standard for analyzing a motion to dismiss was set forth in *Conley v. Gibson*, 355 U.S. 42(1957). *Conley* stated that "[a] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 45-46. In *Twombly*, the Court revisited *Conley* and set forth the following standard for motions to dismiss:

---

[1] There is no contract of insurance between Plaintiff and State Farm Fire and Casualty Company.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations ... a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do ... Factual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 1964-68. The Court further noted that the plaintiff must present plausible grounds to state a claim for relief, specifically stating that "something beyond a mere possibility of loss causation" must be pled to satisfy Rule 8. *Id.* at 1968-69 (citing *Dura Pharmaceuticals Inc. v. Broudo*, 544 U.S. 336 (2005)). Even though *Twombly* was an anti-trust case, the Court expressly rejected the previous "no set of facts" standard enumerated by *Conley*, *supra*, a labor law case, thereby suggesting this new standard for deciding motions to dismiss is applicable to all cases, not merely those sounding in anti-trust. The Court's earlier standard was more generous to the plaintiff in that a Motion to Dismiss would only be granted if "no set of facts" could support a plaintiff's claims. The emphasis on the "no set of facts" language encouraged denial of a motion to dismiss on any facts presented by a plaintiff regardless of their implausibility. In discrediting the *Conley* opinion Justice Souter wrote:

> [T]here is no need to pile up further citations that Conley's

'no set of facts' language has been questioned, criticized and explained away long enough .... [A]fter puzzling the profession for 50 years, this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by any set of facts consistent with the allegations in the complaint... Conley, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival.

*Id.* at 1969. *Twombly* did not seek to heighten the pleading standards but required "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. Because the Plaintiff in this case has failed to plead his claims against Defendant Holley "across the line from conceivable to plausible", the allegations against Holley are due to be dismissed. *Id.* at 1974.

## B.    ALLEGATIONS AGAINST HOLLEY

A review of all the allegations against Holley in Plaintiff's Complaint reveals an important contradiction. First, Plaintiff asserts Defendant Holley procured a homeowner's insurance policy for Plaintiff's home and that State Farm issued the homeowners policy which specifically provided coverage for wind and/or hail damage. (Complaint, ¶ 5). The plain language of Plaintiff's Complaint confirms Plaintiff (1) wanted a policy which provided coverage for wind and/or hail damage, (2) wanted Defendant Holley to procure said policy and (3) wanted State Farm to

-4-

issue said policy to Plaintiff.[2]  Contrary to these assertions, Plaintiff then claims in Count Three that Defendant Holley negligently or wantonly procured the policy of insurance because Holley informed Plaintiff the policy he purchased provided coverage for wind and/or hail.  If Plaintiff desired a homeowners policy which provided coverage for wind and/or hail damage and Defendant Holley procured a homeowners policy for Plaintiff which provided said coverage, then how was Defendant Holley negligent or wanton in the procurement of the policy?

Assuming the facts of Plaintiff's Complaint are true, since Defendant Holley procured the exact policy Plaintiff requested then Plaintiff has wholly failed to assert a plausible claim of negligent or wanton procurement against Defendant Holley. Further, Plaintiff appears to suggest in his Complaint that because State Farm allegedly denied his claim for wind and/or hail damage then the only reason for said denial was because the policy did not provide coverage for said type of loss; i.e. Holley negligently or wantonly procured their policy.  (Complaint, ¶ 17).  To the contrary, Plaintiff clearly asserts in the Complaint that the policy of insurance issued to him does provide insurance benefits for wind and/or hail damage.(Complaint, ¶5). The insurer's alleged denial of Plaintiff's insurance claim does not automatically

---

[2] Although Plaintiff alleges Holley procured a policy of insurance and State Farm issued a policy, there is no insurance contract between State Farm and Plaintiff.

equate to negligent or wanton procurement on the part of Holley. Plaintiff has failed to assert a plausible claim of negligent or wanton procurement.

The Court in *Twombly* was clear that the new standard now requires the trial court to consider the likelihood of the allegations, to not only weigh the allegations against the law, but also against logic. *See generally Twombly*. The new standard requires the Court to determine whether enough facts have been stated in the Plaintiff's Complaint to conclude that it is plausible that the Plaintiff is entitled to relief, not merely that relief is remotely possible. *Id.* In the case sub judice, Plaintiff's contradictory allegations fail to present plausible evidence to even suggest why he is entitled to relief. Plausibility is now a requirement. *See generally, Twombly*. While Plaintiff may argue his claim against Holley is remotely possible, the claim is wholly implausible, thereby warranting dismissal under the newly established standard set forth in *Twombly*. "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should be ... exposed at the point of minimum expenditure of time and money by the parties and the Court.'" *Id.* at 1966. Count Three of Plaintiff's Complaint against Defendant Holley should be dismissed for failure to state a claim upon which relief can be granted.

-6-

## CONCLUSION

Plaintiff's claims against Defendant Holley for negligent or wanton procurement are due to be dismissed as they fail to meet the new requirements set forth in *Twombly*. Plaintiff's contradictory allegations against Defendant Holley are mere possibilities which fall short of pleading a viable cause of action for negligent or wanton procurement.

JAMES H. ANDERSON [AND021]
MICHEAL S. JACKSON [JAC015]
CONSTANCE T. BUCKALEW [BUC015]
ANGELA TAYLOR BAKER [TAY062]
Attorneys for Donny Holley

**Of Counsel:**

BEERS, ANDERSON, JACKSON,
  PATTY & FAWAL, P.C.
P. O. Box 1988
Montgomery, Alabama  36102-1988
(334) 834-5311
(334) 834-5362 fax

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon all parties to this action by depositing a copy of same in the U.S. Mail, postage prepaid, addressed as follows:

Nick Wooten
Wooten Law Firm, P.C.
P. O. Drawer 290
Lafayette, AL 35862

David Hodge
Pittman, Hooks, Dutton, Kirby
 & Hellums, P.C.
1100 Park Place Tower
2001 Park Place N.
Birmingham, Alabama 35203

on this the _____22nd_____ day of October, 2007.

_____
Of Counsel

-8-

IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

CIVIL ACTION NO.: ___CV07-264___

ROGER HUTCHISON, individually,

      Plaintiff

vs.

STATE FARM FIRE AND CASUALTY COMPANY, a corporation; DONNY HOLLEY, individually **No. 1,** whether singular or plural, that entity who or which sold any policy to Plaintiffs prior to the incident made the basis of this lawsuit; **No. 2,** whether singular or plural, that entity who or which, as an agent, sold any policy to the plaintiffs made the basis of this lawsuit; **No. 3,** whether singular or plural, Plaintiffs hereby intending to designate that certain insurance agency which, through its agents or otherwise, sold plaintiffs any policy made the basis of this suit; **No. 4,** whether singular or plural, that entity who or which, through agents or otherwise, marketed to Plaintiffs any policy on or before the filing of this lawsuit; **No. 5,** whether singular or plural, Plaintiffs hereby intending to designate that certain insurance company which issued, insured, or participated in the matters alleged herein; **No. 6,** whether singular or plural, that entity who or which sold to Plaintiffs any insurance policy **No. 9,** whether singular or plural, that entity who or which was a representative, managing general agent, agent, claim specialist and/or underwriter for any insurance company which in any way may be involved with Plaintiffs' insurance policies ; **No. 10,** whether singular or plural that entity who or which, as described above, is the predecessor corporation of any of the entities described above or in the body of the complaint; and **No. 11,** whether singular or plural, that entity who or which, as described above, is the successor corporation of any of the entities described herein; and **No. 12** whether singular or plural, that entity who or which had any involvement with the denial of said claims. (Plaintiff avers that the identities of the Fictitious Party Defendants herein are otherwise unknown to the Plaintiff at this time or, if their names are known to Plaintiff at this time, their identities as proper party defendants are not known to the plaintiff at this time, and their true names will be substituted by amendment when ascertained.);

Defendants.

EXHIBIT

**B**

PENGAD 800-631-6989

## COMPLAINT

1.  Roger Hutchison is an individual over the age of nineteen (19) years and a resident of Chambers County, Alabama at the time of the occurrence made the basis of this suit.

2.  State Farm Fire and Casualty Company (hereinafter referred to as "State Farm") is a corporation doing business in Chambers County, Alabama.

3.  Donny Holley, (hereinafter referred to as "Mr. Holley"), individually and as an agent, representative and employee of State Farm is a resident of Chambers County, Alabama and does business in Chambers County, Alabama.

4.  The real property made the basis of this litigation is situated in Chambers County, Alabama. The actions complained of took place in Chambers County, Alabama.

### FACTS

5.  Prior to April 19, 2006, defendant, Mr. Holley procured, for valuable consideration, a policy of homeowners insurance for the plaintiff for his real property located at 2325 26th Avenue SW, Lanett, Alabama 36863. Defendant, State Farm, wrote said policy of insurance. Additionally, said policy of insurance provided coverage for the "dwelling," including wind damage and hail damage.

6.  The contract of insurance, procured by Mr. Holley, through State Farm, obligated State Farm to provide insurance coverage on the plaintiff's dwellings in the event of a covered loss.

7.  On or about April 19, 2006, the plaintiffs' home was damaged by wind and hail.

8.  State farm sent an adjuster to the Plaintiff's property who notified the plaintiff that his roof could be fixed with patching only. Said adjuster refused to pay for the true cost of repairs to the Plaintiff's property.

9.  The plaintiff then obtained several estimates showing extensive damage to the plaintiff's property and submitted them to the adjuster for review and consideration.

10. At that time, the adjuster denied the plaintiff's claim on behalf of State Farm.

11. The actions of the adjuster and State Farm were part of a pattern and practice of underpaying or denying valid claims as a cost saving measure to the defendant State Farm.

12. State Farm engaged in a pattern and practice to victimize other similarly situated individuals in the same manner as it did the plaintiff.

## COUNT I

13. State Farm entered into a contract with the plaintiff. State Farm breached said contract. Pursuant to the terms and conditions of the plaintiff's contract, wind damage and hail damage are covered perils. The plaintiff's home became damaged by wind and hail, State Farm refused to extend payment for the damage, and State Farm breached its contract with the plaintiffs.

## COUNT II

14. State Farm had a duty imposed by law to exercise good faith and fair dealings in the performance of the contractual obligations under the terms of the aforesaid policy of insurance. This duty was breached, either in that State Farm had no arguable basis for denying the claim for wind and hail damage or in that it failed to adequately investigate said claim, and denied it without determining whether there was any arguable basis for denying it. This conduct amounts to bad faith and unfair dealings.

15. State Farm acted in bad faith.

## COUNT III

17. Mr. Holley negligently or wantonly procured the policy of insurance on the plaintiff's home. When the policy was procured, Mr. Holley personally inspected the home. When Mr. Holley sold the policy of insurance to the plaintiff, he negligently or wantonly informed the

plaintiff that wind and hail damage were covered perils.  According to State Farm, it was not.

WHEREFORE, Plaintiffs request that the jury selected to hear this case render a verdict in their favor, and against each defendant, separately and severally, and that it award damages to them in an amount which will adequately compensate them for the injuries and damages sustained due to the defendants' actions. Also, on the basis of the foregoing, Plaintiffs request that a jury be selected to hear this case and render a verdict for plaintiffs, and against the defendants, and that it award damages to plaintiffs in an amount which will adequately reflect the enormity of the defendant's wrong, and which will effectively prevent other similarly caused acts.  Further, Plaintiffs request that the Court enter judgment consistent with the jury's verdict, and that it also award the plaintiffs interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.



Nick Wooten
David Hodge
Attorneys for Plaintiffs

OF COUNSEL:

WOOTEN LAW FIRM, P.C.
Trial Lawyers
P.O. Drawer 290
Lafayette, Al. 36862
(334) 864-2132
(334) 864-2133 facsimile

FILED IN OFFICE THIS

SEP 19 2007

PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
1100 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203
(205) 322-8880
(205) 328-2711 facsimile

<u>DEMAND FOR JURY TRIAL</u>

Plaintiffs hereby demand a struck jury for the trial of this case.

_____
Attorney for Plaintiffs

**DEFENDANTS TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

State Farm
c/o Tom Lakin
100 State Farm Parkway
Birmingham, AL 35297-0001

**TO BE SERVED CERTIFIED MAIL RESTRICTED DELIVERY:**

Donny Holley
2105 Broad Avenue # A
Lanett, AL 36863

## IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

ROGER HUTCHISON,                        )
                                        )
        **Plaintiff**    SEP 19 2007    )    **CIVIL ACTION NO:**
                                        )    CV- 07- 264
                                        )
vs.                                     )
                                        )
STATE FARM FIRE AND CASUALTY            )
COMPANY, DONNY HOLLEY, et al.           )
                                        )
        Defendants.                     )

### PLAINTIFFS' FIRST INTERROGATORIES,
### AND REQUEST FOR PRODUCTION,
### TO DEFENDANT, STATE FARM FIRE AND CASUALTY COMPANY

Comes now the plaintiff, and pursuant to the Alabama Rules of Civil Procedure 33, 34, 36

requests that the defendant, STATE FARM FIRE AND CASUALTY COMPANY hereinafter

referred to as "this defendant"), answer and respond to the following interrogatories and requests for

production, within 45 days of the date the summons and complaint pertinent to this cause was

served on this defendant:

1.  Please state this defendant's name correctly and/or the correct way this defendant should be
    designated as a party defendant in an action at law (at the time of the occurrence made the
    basis of this suit and at the time these interrogatories were answered).

2.  Identify the individual responding to these interrogatories, including full name, age, date of
    birth, social security number, driver's license number, and job title.

3.  Explain the relationship between this defendant and defendant, Donny Holley.

4.  State the name and job title of any person who reviewed any claim, or any portion of any
    claim, made by plaintiffs for benefits.

5.  State the name and job title of any person who participated in the decision to pay or not
    pay the claim by plaintiffs for benefits under the policy.



**EXHIBIT**
C

6. State, in detail, this defendant's investigation of Plaintiffs' claim for benefits under the policy made the basis of this suit.

7. Describe, in detail, any and all facts and/or evidence upon which this defendant based its denial of said claim.

8. State the name and job title of any person employed by this defendant or acting as an agent for this defendant who was involved in the application process concerning plaintiffs' policy.

10. List, by company name, all documents, sales materials, brochures, or other similar materials provided to agents to assist them in the sale of policies such as the one made the basis of this suit.

11. State, in detail, this Defendant's procedure for evaluating, investigating, and denying claims.

12. State whether or not there have been, or are now, lawsuits pending against this defendant or its agent(s), in the State of Alabama for the last five (5) years claiming injury or damage due to breach of contract or bad faith failure to pay. If so, for each such lawsuit state:

   (a) The date of the filing of each such lawsuit.
   (b) The court in which such lawsuit was filed.
   (c) The action or court number of each such lawsuit.
   (d) The name and addresses of all parties, including plaintiff and defendant to each such lawsuit.
   (e) The disposition of each such lawsuit.
   (f) The name and address of each person or entity having possession, control or custody of any or all records relating to such legal action against this defendant involving such a claim or similar claim.

13. Please state the name and address of each expert witness that you expect to call at the trial of this case and state the subject matter on which said experts are expected to testify.

14. Please state the substance of the facts, opinions and conclusions to which each and every expert is expected to testify in this case.

15. Please state the name and address of each witness you expect to call to testify at the trial of this case.

16. State, in detail each and every act taken and documents received in evaluating Plaintiffs' claim for benefits.

17. State the name, address and telephone number of any outside adjusting company who evaluated plaintiff's claim.

18.    State the name, address, telephone number, qualifications, curriculum vitae, of the person or entity who prepared any and all estimates of damage regarding plaintiffs' claim for damage.

### REQUESTS FOR PRODUCTION

1.    Any and all documents in your possession which in any way relate or refer to the plaintiffs.

2.    The entire claim file regarding the claim at issue in this case.

3.    All policies and procedures which in any way deal with the adjustment of property damage claims.

4.    All recorded conversations, in any form, whether transcribed or not, with any individual regarding the plaintiffs' claim.

Nick Wooten
David Hodge
Attorneys for Plaintiffs

OF COUNSEL:

WOOTEN LAW FIRM, P.C.
Trial Lawyers
P.O. Drawer 290
Lafayette, Al. 36862
(334) 864-2132
(334) 864-2133 facsimile

PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
1100 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203
(205) 322-8880
(205) 328-2711 facsimile

### REQUEST FOR SERVICE

Pursuant to ARCP 4.1 and 4.2, plaintiff requests service of the foregoing, along with the Summons and Complaint, by certified mail upon the defendants.

_Of Counsel for Plaintiff_

**DEFENDANTS TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

State Farm
C/o Tom Lakin
100 State Farm Parkway
Birmingham, AL 35297-0001

**TO BE SERVED CERTIFIED MAIL RESTRICTED DELIVERY:**

Donny Holley
2105 Broad Avenue  # A
Lanett, AL 36863

## IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

ROGER HUTCHISON,                          )
                                          )
        Plaintiff          SEP 1 9 2007   )          CIVIL ACTION NO:
                                          )          CV- 07- ___264
vs.                                       )
                                          )
STATE FARM FIRE AND CASUALTY              )
COMPANY, DONNY HOLLEY, et al.             )
                                          )
        Defendants.                       )

### NOTICE OF TAKING DEPOSITIONS

NOTICE TO:              **Donny Holley**
                        **2105 Broad Ave # A**
                        **Lanett, AL  36863**

PLEASE TAKE NOTICE that, pursuant to Alabama Rules of Civil Procedure, Plaintiff

will take the **video** deposition of the following persons: **Donny Holley**, upon oral examination

before an officer authorized by law to administer oaths.


**DATE:**      **Wednesday, November 28, 2007**

**TIME:**      **9:30 a.m. CT**

**PLACE:**     **Wooten Law Firm**
               **10 2nd Ave. SE**
               **LaFayette, AL  36862**


Said deposition shall continue until completed, you are invited to attend and cross-examine.


Filed this the _12th_ day of _____2007.

_Nicholas H. Wooten (WOO084)_
Attorney for the Plaintiff

OF COUNSEL:

WOOTEN LAW FIRM, P.C.
P.O. Drawer 290
LaFayette, Alabama 36862
(334) 864-2132
Fax: 864-2133

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the Defendants on this the _____ day of _____ 2007 by the following method(s): **U.S. Mail**

OF COUNSEL

# IN THE CIRCUIT COURT OF CHAMBERS COUNTY ALABAMA

George Alford,                    )
    Plaintiff,                  )
                                 )      CIVIL ACTION NO:
vs.                               )      CV 01-207
                                 )
State Farm Insurance              )
Corporation and Donny             )
Holley,                           )
    Defendants.                 )

## ORDER ON POST-TRIAL MOTIONS

This matter came before the Court on a special setting to hear the post-trial motions filed by the defendants in this action on January 10, 2006.

### HISTORY

George Alford instituted suit against State Farm and one of its Chambers County agents, Donny Holley on August 23, 2001. The underlying claims in the lawsuit were for breach of contract, conversion and suppression. Thereafter discovery was undertaken and the matter was set for trial in the Circuit Court of Chambers County beginning on September 12, 2005. On that day a jury was qualified, sworn, struck, and impaneled without objection. This Court notes that at the close of the plaintiff's evidence the Court dismissed the counts claiming breach of contract and conversion and allowed the claim of suppression to go forward. On September 14, 2005, the duly empaneled jury delivered a verdict awarding compensatory damages against Donny Holley in the amount of $20,989.65 and punitive damages in the amount of $20,989.65 and awarding $30,000.00 compensatory damages and $970,000.00 in punitive damages against State Farm Life Insurance Company. All of the defendants timely filed post-trial motions on October 13, 2005. The defendants motion was styled as *"Renewal of motion for judgment as a matter of law and alternative motion for new trial and alternative motion to alter, amend or vacate the Judgment"*.

The Defendants' Renewal of Motion for Judgment as a Matter of Law and alternative Motion for New Trial and alternative Motion to Alter, Amend or Vacate the Verdict is hereby Denied.

Done and Ordered this 11th day of January 2006.



FILED IN OFFICE THIS

JAN 1 2 2006

TOM F. YOUNG, JR.
Circuit Judge

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

EXHIBIT
D

IN THE CIRCUIT COURT OF
CHAMBERS COUNTY, ALABAMA

ROGER HUTCHISON,       )
                       )
     Plaintiff,       )
                       )
vs.                  )     Case No. CV-07-267
                       )
STATE FARM FIRE AND    )
CASUALTY COMPANY,     )
DONNY HOLLEY, et al.,    )
                       )
     Defendants.     )

## NOTICE TO STATE COURT OF
## REMOVAL OF ACTION TO FEDERAL COURT

To:   Charles W Story
       #2 LaFayette St.
       LaFayette, AL  36862-0000

Please take notice that Defendants, State Farm Fire and Casualty Company, and

Donny Holley  have this date filed a Notice of Removal, a copy of which is attached

hereto as Exhibit "A," in the Office of the Clerk of the United States District Court

for the Middle District of Alabama, Eastern Division.

JAMES H. ANDERSON [AND021]
MICHEAL S. JACKSON [JAC015]
Counsel for Defendant State Farm Fire and
Casualty Company



EXHIBIT

E

PENGAD 800-631-6989

**Of Counsel:**

**BEERS, ANDERSON, JACKSON,**
  **PATTY, & FAWAL, P.C.**
P. O. Box 1988
Montgomery, Alabama  36102-1988
Tel:  (334) 834-5311 / Fax:  (334) 834-5362

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon all parties to this action by depositing a copy of same in the U.S. Mail, postage prepaid, addressed as follows:

Nick Wooten, Esq.
**WOOTEN LAW FIRM, P.C.**
P. O. Drawer 290
Lafayette, AL 35862

David Hodge , Esq.
**PITTMAN, HOOKS, DUTTON, KIRBY**
**& HELLUMS, P.C.**
1100 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203

on this the 23rd day of October, 2007.

Of Counsel

-2-