UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ROGER HUTCHISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:07-CV-956-MEF |
| | ) |
| STATE FARM FIRE AND | ) |
| CASUALTY COMPANY, DONNY | ) |
| HOLLEY, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT STATE FARM FIRE
AND CASUALTY COMPANY'S ANSWER**

COMES NOW Defendant, State Farm Fire and Casualty Company (hereinafter "State Farm") and for answer to the Complaint and each count thereof, separately and severally, heretofore filed in this cause, defends, separately and severally, as follows:

**First Defense**

Defendant State Farm alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

Defendant State Farm pleads the general issue and denies each and every material allegation of the Complaint not herein admitted and demands strict proof

thereof.

### Third Defense

Defendant State Farm affirmatively denies that it entered into an insurance contract with Plaintiff and demands strict proof thereof.

### Fourth Defense

Defendant State Farm affirmatively denies that it issued a homeowner's insurance policy to Plaintiff as alleged and demands strict proof thereof.

### Fifth Defense

Defendant State Farm affirmatively denies that it is obligated to provide insurance coverage to Plaintiff's dwelling because State Farm does not insure Plaintiff's dwelling.

### Sixth Defense

Defendant State Farm affirmatively denies that it sent an adjuster to Plaintiff's property following April 19, 2006, as alleged and demands strict proof thereof.

### Seventh Defense

Defendant State Farm affirmatively denies that its adjuster denied Plaintiff's storm claim and further denies the existence of a contract of insurance between Plaintiff and State Farm.

### Eighth Defense

Defendant State Farm affirmatively denies that it engaged in a pattern and practice of underpaying or denying valid claims as a cost saving measure as alleged by Plaintiff and further denies the existence of a contract of insurance between Plaintiff and State Farm.

### Ninth Defense

Defendant State Farm affirmatively denies that it engaged in a pattern and practice to victimize other similarly situated individuals as alleged in Plaintiff's Complaint and further denies the existence of a contract of insurance between Plaintiff and State Farm.

### Tenth Defense

Defendant State Farm affirmatively denies that it is guilty of breach of contract as alleged in Plaintiff's Complaint and further denies the existence of a contract of insurance between Plaintiff and State Farm.

### Eleventh Defense

Defendant State Farm affirmatively denies that it is guilty of bad faith as alleged in Plaintiff's Complaint and further denies the existence of a contract of insurance between Plaintiff and State Farm.

## Twelfth Defense

Defendant State Farm affirmatively denies that it is guilty of bad faith refusal to pay an insurance claim as alleged in Plaintiff's Complaint and further denies the existence of a contract of insurance between Plaintiff and State Farm.

## Thirteenth Defense

Defendant State Farm affirmatively denies that it is guilty of bad faith failure to investigate an insurance claim as alleged in Plaintiff's Complaint and further denies the existence of a contract of insurance between Plaintiff and State Farm.

## Fourteenth Defense

Defendant State Farm affirmatively denies that Plaintiff was injured to the nature and extent claimed and contests damages.

## Fifteenth Defense

Defendant State Farm denies it is guilty of any conduct which would entitle Plaintiff to recover punitive damages.

## Sixteenth Defense

Defendant State Farm avers that any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the State of Alabama.

### Seventeenth Defense

Defendant State Farm affirmatively avers that any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

### Eighteenth Defense

Defendant State Farm affirmatively avers that any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the due process clause of the Fourteenth Amendment to the Constitution of the United States.

### Nineteenth Defense

Defendant State Farm avers that any award of punitive damages to Plaintiff in this case will be violative of the procedural safeguards provided to Defendant under the Sixth Amendment to the Constitution of the United States.

### Twentieth Defense

Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States on the following grounds:

(a) It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution to impose punitive

damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than "beyond a reasonable doubt" burden of proof required in criminal cases;

      (b)    The procedures pursuant to which punitive damages are awarded may result in an award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes upon the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution;

      (c)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against a defendant, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution;

      (d)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

      (e)    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the equal protection clause of the Fourteenth Amendment of the United States Constitution;

(f)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes upon the due process clause of the Fifth and Fourteenth Amendments and the equal protection clause of the Fourteenth Amendment of the United States Constitution.

### Twenty-First Defense

Plaintiff's claim of punitive damages violates the due process clause of Article I, § 6 of the Constitution of Alabama for the same grounds as stated above.

### Twenty-Second Defense

Any award of punitive damages to Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

### Twenty-Third Defense

The Complaint fails to state a claim for punitive damages under §§ 6-11-20 to 6-11-30 ALA. CODE (1975), and is barred.

### Twenty-Fourth Defense

Any award of punitive damages against Defendant in this action would violate the due process clause of the United States Constitution, in accordance with the decisions of the United States Supreme Court in *State Farm Mut. Auto. Ins. Co. v.*

*Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003), *BMW v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996), *Coopers Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S. Ct. 1678 (2001) and the Alabama Supreme Court in *BMW v. Gore*, 701 So.2d 507 (Ala. 1997) on various grounds including the following:

(a) It is a violation of this Defendant's rights to due process to impose punitive damages to deter future misconduct, where less drastic remedies could achieve this goal;

(b) It is a violation of due process to subject this Defendant to punitive damages without providing this Defendant fair notice of the conduct that will subject it to punishment and the severity of the penalty that may be imposed;

(c) It is a violation of due process to punish this Defendant with the intent of changing its lawful conduct in other states; and

(d) It is a violation of this Defendant's rights to due process to impose punitive damages which are grossly excessive.

### Twenty-Fifth Defense

Defendant avers that the filing of this Complaint was more than sixty days after the enactment of the amendment to Code of Alabama § 6-11-21 (1975); therefore, the amended version of said statute is applicable to the award of any punitive damages

in this matter.

### Twenty-Sixth Defense

Defendant State Farm affirmatively pleads all applicable statute of limitations.

### Twenty-Seventh Defense

Defendant State Farm pleads the affirmative defense of lack of consideration.

_____
MICHEAL S. JACKSON [JAC015]
JAMES H. ANDERSON [AND021]
CONSTANCE T. BUCKALEW [BUC015]
ANGELA TAYLOR BAKER [TAY062]
Attorneys for Defendant State Farm Fire
and Casualty Company

**Of Counsel:**

BEERS, ANDERSON, JACKSON,
 PATTY & FAWAL, P.C.
P. O. Box 1988
Montgomery, Alabama  36102-1988
(334) 834-5311
(334) 834-5362 fax

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon all parties to this action by depositing a copy of same in the U.S. Mail, postage prepaid, addressed as follows:

Nick Wooten, Esq.  
**WOOTEN LAW FIRM, P.C.**  
P. O. Drawer 290  
Lafayette, AL 35862

David Hodge , Esq.  
**PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.**  
1100 Park Place Tower  
2001 Park Place North  
Birmingham, Alabama 35203

on this the 23rd day of October, 2007.

_____  
Of Counsel