IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED

2007 OCT 23 P 3:13

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| ROGER HUTCHISON,        ) | |
| )                          | |
| Plaintiff,             ) | |
| )                          | |
| vs.                    ) | Case No. 3:07-CV-956-MEF |
| )                          | |
| STATE FARM FIRE AND    ) | |
| CASUALTY COMPANY, DONNY ) | |
| HOLLEY, et al.,        ) | |
| )                          | |
| Defendants.            ) | |

## DEFENDANT HOLLEY'S MOTION TO DISMISS

COMES NOW Defendant (Donny Holley) and moves this Court to dismiss Count Three of Plaintiff's Complaint pursuant to Rule 12(b)(6), *Federal Rules of Civil Procedure*. Count Three of Plaintiff's Complaint fails to state a claim against Holley upon which relief can be granted. Plaintiff can prove no set of facts in support of any allegation set forth in Count Three of the Complaint that would entitle him to relief against Holley. In support thereof, Defendant Holley states as follows:

### INTRODUCTION

Based on the facts alleged in the Complaint, this lawsuit arises from Plaintiff's submission of a claim to State Farm Fire and Casualty Company regarding storm

damage to his home.[1] Plaintiff's Complaint alleges Defendant Holley negligently or wantonly procured the policy of insurance on Plaintiff's home. Plaintiff's Complaint also alleges breach of contract and bad faith against Defendant State Farm. As will be demonstrated below, even when this allegation is viewed most strongly in Plaintiff's favor, Defendant Holley contends that there is no circumstance which would entitle Plaintiff to relief.

## II. ARGUMENT

### A.  MOTION TO DISMISS STANDARD

On May 21, 2007, the United States Supreme Court issued *Bell Atlantic v. Twombly*, 550 U.S. _____(2007), 127 S.Ct. 1955, 2007 WL 1461066 (U.S.), effectively redefining the standard for a Rule 12(b)(6) Motion to Dismiss. Prior to *Twombly*, the standard for analyzing a motion to dismiss was set forth in *Conley v. Gibson*, 355 U.S. 42(1957). *Conley* stated that "[a] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 45-46. In *Twombly*, the Court revisited *Conley* and set forth the following standard for motions to dismiss:

---

[1] There is no contract of insurance between Plaintiff and State Farm Fire and Casualty Company.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations ... a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do ... Factual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 1964-68. The Court further noted that the plaintiff must present plausible grounds to state a claim for relief, specifically stating that "something beyond a mere possibility of loss causation" must be pled to satisfy Rule 8. *Id.* at 1968-69 (citing *Dura Pharmaceuticals Inc. v. Broudo*, 544 U.S. 336 (2005)). Even though *Twombly* was an anti-trust case, the Court expressly rejected the previous "no set of facts" standard enumerated by *Conley, supra*, a labor law case, thereby suggesting this new standard for deciding motions to dismiss is applicable to all cases, not merely those sounding in anti-trust. The Court's earlier standard was more generous to the plaintiff in that a Motion to Dismiss would only be granted if "no set of facts" could support a plaintiff's claims. The emphasis on the "no set of facts" language encouraged denial of a motion to dismiss on any facts presented by a plaintiff regardless of their implausibility. In discrediting the *Conley* opinion Justice Souter wrote:

> [T]here is no need to pile up further citations that Conley's

> 'no set of facts' language has been questioned, criticized and explained away long enough .... [A]fter puzzling the profession for 50 years, this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by any set of facts consistent with the allegations in the complaint... Conley, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival.

*Id.* at 1969. *Twombly* did not seek to heighten the pleading standards but required "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. Because the Plaintiff in this case has failed to plead his claims against Defendant Holley "across the line from conceivable to plausible", the allegations against Holley are due to be dismissed. *Id.* at 1974.

### B. ALLEGATIONS AGAINST HOLLEY

A review of all the allegations against Holley in Plaintiff's Complaint reveals an important contradiction. First, Plaintiff asserts Defendant Holley procured a homeowner's insurance policy for Plaintiff's home and that State Farm issued the homeowners policy which specifically provided coverage for wind and/or hail damage. (Complaint, ¶ 5). The plain language of Plaintiff's Complaint confirms Plaintiff (1) wanted a policy which provided coverage for wind and/or hail damage, (2) wanted Defendant Holley to procure said policy and (3) wanted State Farm to

issue said policy to Plaintiff.[2] Contrary to these assertions, Plaintiff then claims in Count Three that Defendant Holley negligently or wantonly procured the policy of insurance because Holley informed Plaintiff the policy he purchased provided coverage for wind and/or hail. If Plaintiff desired a homeowners policy which provided coverage for wind and/or hail damage and Defendant Holley procured a homeowners policy for Plaintiff which provided said coverage, then how was Defendant Holley negligent or wanton in the procurement of the policy?

Assuming the facts of Plaintiff's Complaint are true, since Defendant Holley procured the exact policy Plaintiff requested then Plaintiff has wholly failed to assert a plausible claim of negligent or wanton procurement against Defendant Holley. Further, Plaintiff appears to suggest in his Complaint that because State Farm allegedly denied his claim for wind and/or hail damage then the only reason for said denial was because the policy did not provide coverage for said type of loss; i.e. Holley negligently or wantonly procured their policy. (Complaint, ¶ 17). To the contrary, Plaintiff clearly asserts in the Complaint that the policy of insurance issued to him does provide insurance benefits for wind and/or hail damage.(Complaint, ¶5). The insurer's alleged denial of Plaintiff's insurance claim does not automatically

---

[2] Although Plaintiff alleges Holley procured a policy of insurance and State Farm issued a policy, there is no insurance contract between State Farm and Plaintiff.

equate to negligent or wanton procurement on the part of Holley. Plaintiff has failed to assert a plausible claim of negligent or wanton procurement.

The Court in *Twombly* was clear that the new standard now requires the trial court to consider the likelihood of the allegations, to not only weigh the allegations against the law, but also against logic. *See generally Twombly*. The new standard requires the Court to determine whether enough facts have been stated in the Plaintiff's Complaint to conclude that it is plausible that the Plaintiff is entitled to relief, not merely that relief is remotely possible. *Id.* In the case sub judice, Plaintiff's contradictory allegations fail to present plausible evidence to even suggest why he is entitled to relief. Plausibility is now a requirement. *See generally, Twombly*. While Plaintiff may argue his claim against Holley is remotely possible, the claim is wholly implausible, thereby warranting dismissal under the newly established standard set forth in *Twombly*. "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should be ... exposed at the point of minimum expenditure of time and money by the parties and the Court.'" *Id.* at 1966. Count Three of Plaintiff's Complaint against Defendant Holley should be dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

Plaintiff's claims against Defendant Holley for negligent or wanton procurement are due to be dismissed as they fail to meet the new requirements set forth in *Twombly*. Plaintiff's contradictory allegations against Defendant Holley are mere possibilities which fall short of pleading a viable cause of action for negligent or wanton procurement.

/s/ James H. Anderson

JAMES H. ANDERSON [AND021]
MICHEAL S. JACKSON [JAC015]
CONSTANCE T. BUCKALEW [BUC015]
ANGELA TAYLOR BAKER [TAY062]
Attorneys for Donny Holley

**Of Counsel:**

BEERS, ANDERSON, JACKSON,
 PATTY & FAWAL, P.C.
P. O. Box 1988
Montgomery, Alabama 36102-1988
(334) 834-5311
(334) 834-5362 fax

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon all parties to this action by depositing a copy of same in the U.S. Mail, postage prepaid, addressed as follows:

Nick Wooten
Wooten Law Firm, P.C.
P. O. Drawer 290
Lafayette, AL 35862

David Hodge
Pittman, Hooks, Dutton, Kirby
 & Hellums, P.C.
1100 Park Place Tower
2001 Park Place N.
Birmingham, Alabama 35203

on this the ___23rd___ day of October, 2007.

_____
Of Counsel