IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ROGER HUTCHISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:07-cv-00956-MEF-WC |
| ) | |
| STATE FARM FIRE AND ) | |
| CASUALTY COMPANY, ) | |
| DONNY HOLLEY, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE IN
OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

COME NOW Defendants, State Farm Fire and Casualty Company (hereinafter "State Farm") and Donny Holley (hereinafter "Holley") and file their response in opposition to Plaintiff's Motion to Remand as follows:

## I.  AMOUNT IN CONTROVERSY

It is interesting to note that Plaintiff's Motion to Remand is void of any factual assertion that the amount sought by Plaintiff is less than the jurisdictional amount. If Plaintiff was truly seeking less than the jurisdictional amount he would have further supported his argument in favor of remand to include such an assertion. The absence of such assertion supports Defendants' position that Plaintiff does seek damages in excess of the jurisdictional amount. Plaintiff's Complaint is

"indeterminate" because Plaintiff failed to set forth the amount of damages sought. Plaintiff's purposeful omission of a specified amount of damages was a calculated measure in an effort to defeat federal jurisdiction. In the Motion to Remand, Plaintiff puts the amount in controversy at issue and clearly was not being candid with this Court because of the evasive arguments made. Plaintiff is trying to play both sides of the issue by supplying this Court with vague pleadings that never affirmatively state the damages sought are in excess of $75,000. Plaintiff wants the Court to remand based upon the jurisdictional amount not exceeding $75,000 while still being able to seek more than $75,000 after the case is remanded.

Defendants have met their "lower" burden of proving by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement of $75,000. A "lower burden of proof 'is warranted because there is simply no estimate of damages to which a court may defer.'" *Lowe's OK'd Used Cars, Inc. v. Acceptance, Ins. Co.*, 995 F.Supp. 1388, 1389 (M.D. Ala. 1998) (citing *Tapscott v. MS Dealer Serve Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996). When the Court must determine whether the amount in controversy has been met for jurisdictional purposes, "the court must consider a claim for punitive damages 'unless it is apparent to a legal certainty that such cannot be recovered.'" *Lowe's OK'd Used Cars, Inc. v. Acceptance, Ins. Co.*, 995 F.Supp. 1388, 1389

(M.D. Ala. 1998)(citing *Holley Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1531 (11th Cir. 1987).

Defendants in no way concede the fact that any wrong was committed or that compensatory damages are even appropriate in this case but the Plaintiff has claimed punitive damages and a punitive award combined with the compensatory damage relief sought by Plaintiff could exceed the jurisdictional amount. In the Motion to Remand Plaintiff cited the *Lowery*[1] opinion to discredit Defendants' attachment of a recent jury verdict. In *Lowery*, the Court opined that jury verdicts from other tort cases were insufficient in establishing the value of the claims. *Id.* at 1221. Defendants concede that sole reliance on other tort jury verdicts in determining jurisdiction in and of itself is insufficient; however, Defendants do contend that the existence of and the amount of the recent judgment coupled with the language of Plaintiff's Complaint provides adequate justification for the Court to ascertain that jurisdiction has been met. The recent judgment attached to the Notice of Removal clearly establishes that, on a single claim of suppression against State Farm, although the jury awarded compensatory damages of $30,000, the jury awarded and the Court entered judgment for punitive damages in the amount of $970,000.

---

[1] *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007).

-3-

In his Complaint, Plaintiff alleges State Farm is guilty of bad faith failure to investigate and bad faith failure to pay. [Plaintiff's Complaint ¶¶ 14 and 15]. Under Alabama law, a plaintiff may recover punitive damages for bad faith claims. *Lowe's* at 1391(citing *Holley Equipment Co. V. Credit Alliance Corp.*, 821 F.2d 1531, 1535-1537 (11th Cir. 1987). Therefore, it is proper for this Court, in determining whether it has obtained jurisdiction, to consider the allegations of bad faith and claims for punitive damages.

Further, Plaintiff's Complaint alleges State Farm's actions were part of a pattern and practice of underpaying or denying valid claims as a cost saving measure and that State Farm engaged in a pattern and practice of victimizing other similarly situated individuals in the same manner as it did Plaintiff. [See Complaint, ¶¶11 and 12]. Lastly, Plaintiff's *ad damnum* clause seeks damages in an "amount which will adequately reflect the *enormity* of the defendant's wrong, and which will effectively prevent other similarly caused acts." (emphasis added) [See Complaint, Ad Damnum].

While Plaintiff's Complaint is void of a specific dollar amount being sought, a review of the language contained in the Complaint, as set forth above, establishes Plaintiff's intent to seek and the potential to receive from a jury an amount in excess of the jurisdictional amount. If jurisdiction is "readily deducible" on "the face of the

documents before the court" then "the court has jurisdiction." *Lowery, supra at 1211*. It is "readily deducible" from all the documents before the Court that Plaintiff seeks damages in excess of the jurisdictional amount. Therefore, Defendant has met its burden in establishing jurisdiction.

If the above is reviewed *in toto*, Defendants aver that they have met the evidentiary burden by showing by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement. *Lowe's* at 1389.

## II.  FRAUDULENT JOINDER

Defendant Donny Holley was fraudulently joined by the Plaintiff in an effort to defeat diversity jurisdiction.[2] State Farm can properly remove this case to District Court if it is found the addition of Defendant Holley was indeed fraudulent. *Pensinger v. State Farm Fire and Cas. Co.*, 347 F. Supp.2d 1101, 1106 (M.D. Ala. 2003). This Court's analysis of an allegation of fraudulent joinder requires an examination of the Plaintiff's "pleadings at the time of removal, supplemented by any

---

[2] Plaintiff Hutchison is a resident of Alabama, State Farm is a citizen of Illinois, and Defendant Holley is a resident of Alabama. [Plaintiff's Complaint ¶ 1; Defendants' Notice of Removal ¶ 2, 3].

affidavits and deposition transcripts submitted by the parties."[3] *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005)(citing *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998)). The Court must resolve all questions of fact in favor of the Plaintiff. *Id.* (citing *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989)).

There are three circumstances when a Defendant can establish a Plaintiff

---

[3] Plaintiff Hutchison attached to his Motion to Remand as Exhibit "B" Plaintiffs' Memorandum Brief in Opposition to the Defendants' Joint Motion for Judgment on the Pleadings filed in *Hodge v. State Farm Fire & Cas. Co.*(CV-06-93; Chambers County Circuit Court). However, this reliance is misguided as Plaintiffs in *Hodge* asserted that, although their homeowner's insurance policy covered wind damage, it was not the wind coverage Plaintiffs desired. That is not the case here. Plaintiff Hutchison has made no allegation that he did not receive the wind and hail coverage he desired. Exhibit "B" to Plaintiff Hutchison's Motion to Remand is not a pleading at the time of removal to be considered. Plaintiff's Complaint must stand as the source upon which his allegations are based. Had Plaintiff Hutchison made such a claim in his Complaint, State Farm and Defendant Holley would have pled contributory negligence which would bar any claim for negligence to his failure to read the policy and determine what was covered and not covered. *See, Jones v. State Farm Fire and Cas. Co.*, 2007 WL 3205784, *7 (M.D. Ala. 2007); *Kanellis v. Pac Indem. Co.*, 917 So.2d 149, 155 (Ala. Civ. App. 2005). Here, Hutchison's claim is circular. "The policy covers wind and hail damage," he says, "but since State Farm did not pay for wind and hail damage, it must not; therefore, Defendant Donny Holley negligently failed to procure a policy that did cover wind and hail." The policy is in the Court file, attached to the Motion to Dismiss, and shows clearly that it covers wind and hail. It covers any accidental direct physical loss not excluded.. Wind and hail are not excluded.

fraudulently joined a non-diverse Defendant.[4] Defendant State Farm relies on the first: "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Pensinger*, 347 F. Supp.2d 1101, 1106 (citations omitted)). Here, Plaintiff only alleges one claim against Defendant Holley -- that he negligently or wantonly procured insurance. [Plaintiff's Complaint ¶ 17]. Specifically, the Plaintiff alleges that the insurance policy covered wind and hail damage and that, since State Farm did not pay for wind and hail damage, Defendant Holley negligently failed to procure a policy that covered wind and hail damage. *Id.*

A claim that an agent negligently failed to procure an insurance policy requires the presence of the classic elements found in any standard negligence claim: "(1) duty, (2) breach of duty, (3) proximate cause, and (4) injury." *Kanellis*, 917 So.2d 149, 155 (Ala. Civ. App. 2005). This Court need only look to the plain language of Plaintiff's statement of facts in his Complaint to see that there is no possibility that the Plaintiff can prove a cause of action against Defendant Holley:

---

[4] [W]hen there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant...when there is outright fraud in the plaintiff's pleading of jurisdictional facts....where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant. *Pensinger*, 347 F. Supp.2d 1101, 1106 (citations omitted)).

> 5.  Prior to April 19, 2006, defendant, **Mr. Holley procured**, for valuable consideration, **a policy of homeowner's insurance for the plaintiff** for his real property located at 1949 23 Ave SW, Lanett, Alabama 36863. Defendant, State Farm, wrote said policy of insurance. Additionally, **said policy of insurance provided coverage for** the "dwelling," including **wind damage and hail damage**.

[Plaintiff's Complaint ¶ 5](emphasis added).

Plaintiff's allegations are that Defendant Holley did, in fact, procure homeowner's insurance that covered wind and hail damage. If there was a duty on the part of Defendant Holley to procure insurance which covered wind and hail, Plaintiff alleges he did so. Any injury suffered by the Plaintiff was not proximately caused by Defendant Holley because he fulfilled his duty, if one existed, to procure wind and hail coverage for the Plaintiff. As such, Plaintiff is wholly unable to establish any damages suffered at the hands of Defendant Holley. There is no possibility that Plaintiff can support a claim of negligent or wanton procurement of insurance against Defendant Holley. Plaintiff cannot morph State Farm's decision on the claim to change the terms and conditions of the policy. It does cover wind and hail damage. Defendant Holley procured the right policy. A disagreement over whether and to what extent there was damage due to wind and hail does not bring to life a "negligent failure to procure" claim against Defendant Holley.

Additionally, Count III of Plaintiff's Complaint, the only Count involving Defendant Holley, goes on to read:

> 17. Mr. Holley negligently or wantonly procured the policy of insurance on the plaintiff's home. When the policy was procured, Mr. Holley personally inspected the home. When Mr. Holley sold the policy of insurance to the plaintiff, he negligently or wantonly informed the plaintiff that wind and hail damage were covered perils. According to State Farm, it was not.

[Plaintiff's Complaint ¶ 17].

This allegation is phrased in a way to mask its true intent. Looking closely at the language of this allegation, Plaintiff again admits that homeowner's insurance was procured for him. The issue is not whether coverage for wind and hail damage exists, but whether there was wind and hail damage and, if any, the extent of it. That is a claim properly at issue between the Plaintiff and State Farm. Defendant Holley's procurement of insurance has nothing to do with whether the loss was caused by wind or hail or the extent of that loss (i.e., whether it exceeded the deductible) if it was. Because Plaintiff's Complaint pleads away any claim of negligent or wanton procurement, there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) Defendant.

Based on the foregoing, Plaintiff's Motion to Remand is due to be denied as this matter was properly removed to federal court.

/s/ James H. Anderson
**JAMES H. ANDERSON [AND021]**
**MICHEAL S. JACKSON [JAC015]**
**CONSTANCE T. BUCKALEW [BUC015]**
**ANGELA TAYLOR BAKER [TAY062]**
Counsel for Defendants State Farm Fire and Casualty Company and Donny Holley

**OF COUNSEL:**

BEERS, ANDERSON, JACKSON,
 PATTY, & FAWAL, P.C.
P. O. Box 1988
Montgomery, Alabama 36102-1988
Tel: (334) 834-5311 / Fax: (334) 834-5362

CERTIFICATE OF SERVICE

 I hereby certify that I electronically filed the foregoing **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Nick Wooten, Esq.
**WOOTEN LAW FIRM, P.C.**
P. O. Drawer 290
Lafayette, AL 35862

David Hodge, Esq.
**PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.**
1100 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203

on this the 21st day of November, 2007.

        /s/ James H. Anderson
        Of Counsel